UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DERRICK GOREE,

    Plaintiff,

v.                                Case No:   2:13-cv-514-FtM-38DNF

T. M. ALI, D. SANCHAZ and FNU SWINT,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court upon review of defendants' motion to dismiss (Doc. #38, Motion). Plaintiff filed a response opposing the motion (Doc. #40) and attached exhibits consisting of inmate grievances and responses thereto (Doc. #40-1-#40-2, Exhs. A-B). This matter is ripe for review.

**I.**

Plaintiff Derrick Goree initiated this action proceeding pro se by filing a Civil Rights Complaint Form (Doc. #1, Complaint) pursuant to 42 U.S.C. § 1983 alleging that correctional officers from Moore Haven Correctional Institution violated his rights protected under the United States Constitution when his photo album containing more

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

than 200 family photographs, some of which were irreplaceable, was confiscated and destroyed improperly after a contraband search. Plaintiff attached exhibits to his Complaint consisting of copies of his inmate grievance forms and responses thereto (Doc. #1-1).

Defendants move to dismiss the Complaint. See Motion. Defendants first argue that the Complaint is subject to dismissal under the Prison Litigation Reform Act because Plaintiff fails to allege any physical injury and consequently cannot seek damages for mental or emotional injuries. Id. at 2. Defendants next assert that Plaintiff failed to fully exhaust his administrative remedies concerning his claim because he did pursue an appeal with the Secretary of the Florida Department of Corrections. Id. at 7. Due to his failure to fully and properly exhaust his remedies, Defendants argue the Complaint must be dismissed. Id. 5-7. Turning to the merits of the claims, Defendants argue that the Complaint does not state a Fifth, Eighth, or Fourteenth Amendment claim. Id. at 3-5.

## II.

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). Thus, the Court must accept all factual allegations in Plaintiff's Complaint as true and take them in the light most favorable to the plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

The Court employs the Twombly-Iqbal plausibility standard when reviewing a complaint subject to a motion to dismiss. Randall v. Scott, 610 F.3d 701, 708, n. 2 (11th Cir. 2010). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007); Marsh, 268 F.3d at 1036 n.16. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Iqbal, 556 U.S. 662, 677. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level." See Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965, 1968-69 (citations omitted) (abrogating Conley, 355 U.S. 41 in part). Additionally, there is no longer a heightened pleading requirement. Randall, 610 F.3d at 701. Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

The Court denies Defendants' motion to the extent they argue Plaintiff failed to exhaust his administrative remedies because he did not pursue an appeal. Plaintiff's

exhibits attached to his response reveal that he did pursue an appeal.  See Doc. #40-1 at 4, 6.  With respect to Defendants' failure to state a claim argument, however, the Court finds Defendants' motion is due to be granted.

Liberally construed, the Complaint attempts to set forth a claim under the Fifth and Fourteenth Amendments.  The United States Supreme Court has held that "the Due Process Clause simply is not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property."  Daniels v. Williams, 474 U.S. 327, 328 (1986) (emphasis in original).  And, an intentional deprivation of property does not violate the Due Process Clause, so long as there exists an adequate post-deprivation remedy.  Hudson v. Palmer, 468 U.S. 517 (1984).  Here, Plaintiff alleges that the correctional officers acted contrary to the Florida Administrative Code Rule 33.602.03 when they improperly took his photo album as contraband and disposed of it without allowing any time for Plaintiff to dispute the taking.  Complaint at 6.  Even if this act was intentional, Plaintiff has an adequate post-deprivation remedy under state law.  Jackson v. Hill, 569 F. App'x 697, 698 (11th Cir. 2014) (unpublished) (affirming the portion of the district court's order that dismissed state prisoner's destruction of property claim) (citing Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527 (1981)).  Under Florida law, Plaintiff can sue the correctional officers for conversion of his property.  Jackson, 569 F. App'x at 698 (citing Case v. Eslinger, 555 F. 3d 1317, 1331 (11th Cir. 2009); E.J. Strickland Construc., Inc. v. Dep't of Agric. & Consumer Servs. of Fla., 515 So. 2d 1331, 1335 (Fla.Dist.Ct.App. 1987)).  Thus, a claim under either the Fifth or Fourteenth Amendments does not exist considering the facts in this case.

To the extent Plaintiff seeks compensatory monetary damages, the Prison Litigation Reform Act bars compensatory damages absent physical injury. See 42 U.S.C. § 1997e(e); Jackson, 569 F. App'x at 699 . In Stauffer, the Fifth Circuit Court of Appeals found an inmate plaintiff who did not sustain physical injuries as a result of losing personal property was precluded from seeking compensatory damages under § 1997e(e). See Stauffer v. Gearhart, 741 F.3d 574, 583 (5th Cir. 2014)(citing Mayfield v. Texas Dep't of Criminal Justice, 529 F.3d 599, 605-606 (5th Cir. 2008); Geiger v. Jowers, 404 F.3d 371, 375 (5th Cir. 2005)(applying § 1997e(e) bar to prisoner's claim for damages brought under 1983 alleging a First Amendment violation)).

ACCORDINGLY, it is hereby **ORDERED:**

1.  Defendants' motion to dismiss (Doc. #38) is **GRANTED**.

2.  The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this 26th day of January, 2015.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: alr
Copies: All Parties of Record